**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHANNON MEDICAL CENTER          )
120 East Harris Avenue          )
San Angelo, TX,                 )
                                )
YAVAPAI REGIONAL MEDICAL CENTER )
1003 Willow Creek Road          )
Prescott, AZ,                   )
                                )
PARADISE VALLEY HOSPITAL        )
2400 East Fourth Street         )
National City, CA,              )
                                )
SONOMA VALLEY HOSPITAL          )
347 Andrieux Street             )
Sonoma, CA,                     )
                                )
ENCINO HOSPITAL MEDICAL CENTER  )
16237 Ventura Boulevard         )
Encino, CA,                     )
                                )
EAST VALLEY HOSPITAL MEDICAL CENTER )    Case No. 18-799
150 West Route 66               )
Glendora, CA,                   )
                                )
GARDEN GROVE HOSPITAL AND MC    )
12601 Garden Grove Boulevard    )
Garden Grove, CA,               )
                                )
ARROWHEAD REGIONAL MEDICAL CENTER )
400 North Pepper Avenue         )
Colton, CA,                     )
                                )
LODI MEMORIAL HOSPITAL          )
975 South Fairmont Avenue       )
Lodi, CA,                       )
                                )
TORRANCE MEMORIAL MEDICAL CENTER )
A/K/A TORRANCE MEMORIAL HOSPITAL )
3330 Lomita Boulevard           )
Torrance, CA,                   )
                                )
                                )
                                )
_____)

1

MARIN GENERAL HOSPITAL )
250 Bon Air Road )
Greenbrae, CA, )
)
WEST ANAHEIM MEDICAL CENTER )
3033 West Orange Avenue )
Anaheim, CA, )
)
HUNTINGTON BEACH HOSPITAL )
17772 Beach Boulevard )
Huntington Beach, CA, )
)
LA PALMA INTERCOMMUNITY HOSPITAL )
7901 Walker Street )
La Palma, CA, )
)
CHINO VALLEY MEDICAL CENTER )
5451 Walnut Avenue )
Chino, CA, )
)
SAN DIMAS COMMUNITY HOSPITAL )
1350 West Covina Boulevard )
San Dimas, CA, )
)
CENTINELA HOSPITAL MEDICAL CENTER )
555 East Hardy Street )
Inglewood, CA, )
)
SHERMAN OAKS HOSPITAL )
4929 Van Nuys Boulevard )
Sherman Oaks, CA, )
)
MONTCLAIR HOSPITAL MEDICAL CENTER )
5000 San Bernardino Street )
Montclair, CA, )
)
ROCKVILLE GENERAL HOSPITAL )
31 Union Street )
Vernon, CT, )
)
MANCHESTER MEMORIAL HOSPITAL )
71 Haynes Street )
Manchester, CT, )
)
)
)

2

THE QUEEN'S MEDICAL CENTER⠀⠀⠀⠀⠀⠀)
1301 Punchbowl Street⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Honolulu, HI,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
LAFAYETTE GENERAL MEDICAL CENTER⠀⠀)
1214 Coolidge Street⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Lafayette, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
MEDICAL CENTER OF LOUISIANA AT NEW⠀)
ORLEANS A/K/A INTERIM LSU PUBLIC⠀⠀⠀⠀)
HOSPITAL⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
2000 Canal Street⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
New Orleans, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
UNIVERSITY MEDICAL CENTER AT⠀⠀⠀⠀⠀)
LAFAYETTE⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
2390 West Congress⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Lafayette, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
HUEY P. LONG MEDICAL CENTER⠀⠀⠀⠀⠀⠀)
352 Hospital Boulevard⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Pineville, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
E.A. CONWAY MEDICAL CENTER⠀⠀⠀⠀⠀⠀)
4864 Jackson Street⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Monroe, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
NORTH OAKS MEDICAL CENTER⠀⠀⠀⠀⠀⠀)
15790 Paul Vega MD Drive⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Hammond, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
OUR LADY OF THE LAKE REGIONAL MEDICAL )
CENTER⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
5000 Hennessy Boulevard⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Baton Rouge, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BATON ROUGE GENERAL MEDICAL CENTER⠀)
3600 Florida Boulevard⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Baton Rouge, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
LSU-HSC-SHREVEPORT⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
1501 Kings Highway⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Shreveport, LA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

3

OUR LADY OF THE LOURDES REGIONAL )
MEDICAL CENTER )
4801 Ambassador Caffery Parkway )
Lafayette, LA, )
)
WILLIS-KNIGHTON MEDICAL CENTER )
2600 Greenwood Road )
Shreveport, LA, )
)
EARL K. LONG MEDICAL CENTER )
5825 Airline Highway )
Baton Rouge, LA, )
)
ST. FRANCIS MEDICAL CENTER )
309 Jackson Street )
Monroe, LA, )
)
WOMAN'S HOSPITAL )
100 Woman's Way )
Baton Rouge, LA, )
)
W.O. MOSS REGIONAL MEDICAL CENTER )
1000 Walters Street )
Lake Charles, LA, )
)
LEONARD J. CHABERT MEDICAL CENTER )
1978 Industrial Boulevard )
Houma, LA, )
)
WILLIS-KNIGHTON BOSSIER HEALTH CENTER )
2400 Hospital Drive )
Shreveport, LA, )
)
OUR LADY OF THE LAKE ASCENSION )
COMMUNITY HOSPITAL )
1125 West Highway 30 )
Gonzales, LA, )
)
CENTRAL MAINE MEDICAL CENTER )
300 Main Street )
LEWISTON, ME, )
)
LIMA MEMORIAL HEALTH SYSTEM A/K/A )
LIMA MEMORIAL HOSPITAL )
1001 Bellefontaine Avenue )
Lima, OH, )

4

AKRON GENERAL MEDICAL CENTER                )
1 Akron General Avenue                       )
Akron, OH,                                   )
                                             )
ST. VINCENT CHARITY MEDICAL CENTER          )
2351 East 22nd Street                   )
Cleveland, OH,                               )
                                             )
METROHEALTH MEDICAL CENTER A/K/A            )
METROHEALTH SYSTEM                           )
2500 MetroHealth Drive                       )
Cleveland, OH,                               )
                                             )
MERCY MEDICAL CENTER                         )
1320 Mercy Drive Northwest                   )
Canton, OH,                                  )
                                             )
UH REGIONAL HOSPITALS F/K/A UH              )
RICHMOND MEDICAL CENTER                      )
27100 Chardon Road                           )
Richmond Heights, OH,                        )
                                             )
UH PORTAGE MEDICAL CENTER F/K/A             )
ROBINSON MEMORIAL HOSPITAL                   )
6847 North Chestnut Street                   )
Ravenna, OH,                                 )
                                             )
ST. LUKE'S HOSPITAL                          )
5901 Monclova Road                           )
Maumee, OH,                                  )
                                             )
UH BEDFORD MEDICAL CENTER                    )
44 Blaine Avenue                             )
Bedford, OH,                                 )
                                             )
UH CLEVELAND MEDICAL CENTER A/K/A           )
UNIVERSITY HOSPITALS CLEVELAND MC           )
A/K/A UH CASE MEDICAL CENTER                 )
11100 Euclid Avenue                          )
Cleveland, OH,                               )
                                             )
UH ELYRIA MEDICAL CENTER F/K/A EMH          )
REGIONAL MEDICAL CENTER                      )
630 East River Street                        )
Elyria, OH,                                  )

5

|  | ) |
| --- | --- |
| MEMORIAL HOSPITAL | ) |
| 715 South Taft Avenue | ) |
| Freemont, OH, | ) |
|  | ) |
| LANDMARK MEDICAL CENTER | ) |
| 115 Cass Avenue | ) |
| Woonsocket, RI, | ) |
|  | ) |
| PROVIDENCE HOSPITAL | ) |
| 2435 Forest Drive | ) |
| Columbia, SC, | ) |
|  | ) |
| TEXAS HEALTH HARRIS METHODIST | ) |
| HOSPITAL FORT WORTH | ) |
| 1301 Pennsylvania Avenue | ) |
| Fort Worth, TX, | ) |
|  | ) |
| PRESBYTERIAN HOSPITAL OF DALLAS | ) |
| 8200 Walnut Hill Lane | ) |
| Dallas, TX, | ) |
|  | ) |
| ASPIRUS WAUSAU HOSPITAL | ) |
| 333 Pine Ridge Boulevard | ) |
| Wausau, WI , | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ALEX AZAR, in his official capacity as Secretary of | ) |
| the United States Department of Health and Human | ) |
| Services, | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE
## AGENCY DECISIONS ON MEDICARE REIMBURSEMENT

Plaintiffs, by and through their undersigned attorney, bring this action against defendant

Alex Azar in his official capacity as Secretary of Health and Human Services (the "Secretary"),

and state as follows:

4833-0333-1167.2

## INTRODUCTION

1.      The Plaintiffs bring this suit to challenge the Secretary's treatment of their Medicare Part C days for their various cost reporting periods that fall within Federal Fiscal years 2005 through 2013.   The way the Secretary treated Part C days in the calculation of the disproportionate share hospital ("DSH") adjustment payments to hospitals for these years is invalid under the Medicare Act and the Administrative Procedure Act ("APA") and otherwise contrary to law.   In particular, the Plaintiffs challenge the Secretary's inclusion of their Part C days in the Medicare Fraction and the exclusion of their Part C days from the Medicaid Fraction numerator.   The Secretary's improper treatment of Part C days in the DSH calculation resulted in and continues to result in financial loss to the Plaintiff hospitals in the form of removed or reduced DSH payments.

2.      The D.C. Circuit has twice found the Secretary's policy of counting Part C days in the Medicare Fraction prior to FY 2014 procedurally invalid as promulgated without adequate notice and opportunity to comment.   The first D.C. Circuit decision vacated the policy where it was found in the FY 2005 Inpatient Prospective Payment System Final Rule, and the second decision vacated the policy where it was found on an agency spreadsheet worksheet containing the Medicare Fractions for FY 2012.   The Plaintiffs in this case challenge the Secretary's policy of counting Part C days in the Medicare Fraction and excluding Part C days from the Medicaid Fraction numerator as procedurally invalid for discharges occurring on or after October 1, 2004 and prior to October 1, 2013.

3.      A court in this District has found the Secretary's policy substantively invalid.   The D.C. Circuit did not reach the issue because it found the procedural flaws required vacatur of the rule.   The Plaintiffs in this case also challenge the Secretary's policy as substantively invalid.

4.      The Plaintiffs in this case further challenge the Secretary's policy as otherwise contrary to law.

## JURISDICTION AND VENUE

5.      This is a civil action arising under Title XVIII of the Social Security Act, as amended (42 U.S.C. §§ 1395 *et seq*.) (hereinafter referred to as the "Medicare Act"), to obtain judicial review of a final adverse agency decision of the Secretary of the United States Department of Health and Human Services.

6.      This Court has jurisdiction under 42 U.S.C. § 1395oo(f).

7.      Venue lies in this judicial district under 42 U.S.C. § 1395oo(f) and 28 U.S.C. § 1391.

## PARTIES

8.      Plaintiff Shannon Medical Center (Medicare provider number 45-0571) is located in San Angelo, TX and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

9.      Plaintiff Yavapai Regional Medical Center (Medicare provider number 03-0012) is located in Prescott, AZ and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

10.      Plaintiff Paradise Valley Hospital (Medicare provider number 05-0024) is located in National City, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

11.      Plaintiff Sonoma Valley Hospital (Medicare provider number 05-0090) is located in Sonoma, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

12.     Plaintiff Encino Hospital Medical Center (Medicare provider number 05-0158) is located in Encino, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

13.     Plaintiff East Valley Hospital Medical Center (Medicare provider number 05-0205) is located in Glendora, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

14.     Plaintiff Garden Grove Hospital and MC (Medicare provider number 05-0230) is located in Garden Grove, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

15.     Plaintiff Arrowhead Regional Medical Center (Medicare provider number 05-0245) is located in Colton, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

16.     Plaintiff Lodi Memorial Hospital (Medicare provider number 05-0336) is located in Lodi, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

17.     Plaintiff Torrance Memorial Medical Center A/K/A Torrance Memorial Hospital (Medicare provider number 05-0351) is located in Torrance, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

18.     Plaintiff Marin General Hospital (Medicare provider number 05-0360) is located in Greenbrae, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

19.     Plaintiff West Anaheim Medical Center (Medicare provider number 05-0426) is located in Anaheim, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

20.     Plaintiff Huntington Beach Hospital (Medicare provider number 05-0526) is located in Huntington Beach, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

21.     Plaintiff La Palma Intercommunity Hospital (Medicare provider number 05-0580) is located in La Palma, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

22.     Plaintiff Chino Valley Medical Center (Medicare provider number 05-0586) is located in Chino, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

23.     Plaintiff San Dimas Community Hospital (Medicare provider number 05-0588) is located in San Dimas, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

24.     Plaintiff Centinela Hospital Medical Center (Medicare provider number 05-0739) is located in Inglewood, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

25.     Plaintiff Sherman Oaks Hospital (Medicare provider number 05-0755) is located in Sherman Oaks, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

26.     Plaintiff Montclair Hospital Medical Center (Medicare provider number 05-0758) is located in Montclair, CA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

27.     Plaintiff Rockville General Hospital (Medicare provider number 07-0012) is located in Vernon, CT and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

28.     Plaintiff Manchester Memorial Hospital (Medicare provider number 07-0027) is located in Manchester, CT and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

29.     Plaintiff The Queen's Medical Center (Medicare provider number 12-0001) is located in Honolulu, HI and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

30.     Plaintiff Lafayette General Medical Center (Medicare provider number 19-0002) is located in Lafayette, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

31.     Plaintiff Medical Center of Louisiana at New Orleans A/K/A Interim LSU Public Hospital (Medicare provider number 19-0005) is located in New Orleans, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

32.     Plaintiff University Medical Center at Lafayette (Medicare provider number 19-0006) is located in Lafayette, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

33.     Plaintiff Huey P. Long Medical Center (Medicare provider number 19-0009) is located in Pineville, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

34.     Plaintiff E. A. Conway Medical Center (Medicare provider number 19-0011) is located in Monroe, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

35.     Plaintiff North Oaks Medical Center (Medicare provider number 19-0015) is located in Hammond, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

36.     Plaintiff Our Lady of the Lake Regional Medical Center (Medicare provider number 19-0064) is located in Baton Rouge, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

37.     Plaintiff Baton Rouge General Medical Center (Medicare provider number 19-0065) is located in Baton Rouge, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

38.     Plaintiff LSU-HSC-Shreveport (Medicare provider number 19-0098) is located in Shreveport, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

39.     Plaintiff Our Lady of the Lourdes Regional Medical Center (Medicare provider number 19-0102) is located in Lafayette, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

40.     Plaintiff Willis-Knighton Medical Center (Medicare provider number 19-0111) is located in Shreveport, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

41.     Plaintiff Earl K. Long Medical Center (Medicare provider number 19-0122) is located in Baton Rouge, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

42.     Plaintiff St. Francis Medical Center (Medicare provider number 19-0125) is located in Monroe, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

43.     Plaintiff Woman's Hospital (Medicare provider number 19-0128) is located in Baton Rouge, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

44.     Plaintiff W.O. Moss Regional Medical Center (Medicare provider number 19-0161) is located in Lake Charles, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

45.     Plaintiff Leonard J. Chabert Medical Center (Medicare provider number 19-0183 is located in Houma, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

46.     Plaintiff Willis-Knighton Bossier Health Center (Medicare provider number 19-0236) is located in Shreveport, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

47.     Plaintiff Our Lady of the Lake Ascension Community Hospital (Medicare provider number 19-0242) is located in Gonzales, LA and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

48.     Plaintiff Central Maine Medical Center (Medicare provider number 20-0024) is located in Lewiston, ME and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

49.     Plaintiff Lima Memorial Health System A/K/A Lima Memorial Hospital (Medicare provider number 36-0009) is located in Lima, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

50.     Plaintiff Akron General Medical Center (Medicare provider number 36-0027) is located in Akron, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

51.     Plaintiff St. Vincent Charity Medical Center (Medicare provider number 36-0037) is located in Cleveland, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

52.     Plaintiff MetroHealth Medical Center A/K/A MetroHealth System (Medicare provider number 36-0059) is located in Cleveland, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

53.     Plaintiff Mercy Medical Center (Medicare provider number 36-0070) is located in Canton, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

54.     Plaintiff UH Regional Hospitals F/K/A UH Richmond Medical Center (Medicare provider number 36-0075) is located in Richmond Heights, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

55.     Plaintiff UH Portage Medical Center F/K/A Robinson Memorial Hospital (Medicare provider number 36-0078) is located in Ravenna, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

56.     Plaintiff St. Luke's Hospital (Medicare provider number 36-0090) is located in Maumee, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

57.     Plaintiff UH Bedford Medical Center (Medicare provider number 36-0115) was located in Bedford, OH and furnished inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.  UH Bedford Medical Center closed December 31, 2011.

58.     Plaintiff UH Cleveland Medical Center A/K/A University Hospitals Cleveland MC A/K/A UH Case Medical Center (Medicare provider number 36-0137) is located in Cleveland, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

59.     Plaintiff UH Elyria Medical Center F/K/A EMH Regional Medical Center (Medicare provider number 36-0145) is located in Elyria, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

60.     Plaintiff Memorial Hospital (Medicare provider number 36-0156) is located in Freemont, OH and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

61.     Plaintiff Landmark Medical Center (Medicare provider number 41-0011) is located in Woonsocket, RI and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

62.     Plaintiff Providence Hospital (Medicare provider number 42-0026) is located in Columbia, SC and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

63.     Plaintiff Texas Health Harris Methodist Hospital Fort Worth (Medicare provider number 45-0135) is located in Fort Worth, TX and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

64.     Plaintiff Presbyterian Hospital of Dallas (Medicare provider number 45-0462) is located in Dallas, TX and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

65.     Plaintiff Aspirus Wausau Hospital (Medicare provider number 52-0030) is located in Wausau, WI and furnishes inpatient and outpatient hospital services to, inter alia, patients entitled to benefits under the Medicare program.

66.     The Plaintiffs were at all relevant times general acute care hospitals that participated in the Medicare program.

67.     Defendant Alex Azar is the Secretary of Health and Human Services ("HHS"), the federal department that contains the Centers for Medicare & Medicaid Services ("CMS").

CMS is the agency within HHS that is responsible for the administration of the Medicare program.

## COST REIMBURSEMENT AND REVIEW UNDER THE MEDICARE ACT

68.     Title XVIII of the Social Security Act as amended, 42 U.S.C. §§ 1395-1395lll (the "Medicare Act"), establishes a system of health insurance for the aged and disabled.  Under the Medicare program, CMS, acting under the authority of the Secretary, reimburses qualifying health care providers for the costs of services they render in treating Medicare patients.  *See* 42 U.S.C. § 1395g.

69.     Each hospital participating in Medicare files an annual cost report at the close of its fiscal year detailing the various costs incurred by the hospital, reporting numerous relevant statistics, and calculating its Medicare payment.  The cost report is analyzed and audited by a Medicare Administrative Contractor ("MAC"), pursuant to a contract with the Secretary.  Upon completion of its audit, the MAC issues a Notice of Program Reimbursement ("NPR"), which contains the MAC's official determination of total Medicare reimbursement due to the hospital for the applicable cost reporting period.  The NPR sets forth the net amount due the hospital, if any, based on the MAC's reconciliation of interim payments made to the hospital during the cost reporting year and any year-end adjustments made by the MAC.  *See id.*

70.     If a hospital is dissatisfied with the amount of Medicare reimbursement calculated by the MAC, it may appeal the MAC's determination to the Provider Reimbursement Review Board (the "Board" or "PRRB").  *See* 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835(a).  A hospital may also appeal to the PRRB if its NPR has not issued within 12 months after the date of receipt by the MAC of the provider's perfected cost report or amended cost report.  42 C.F.R. § 405.1835(c).

71.     The PRRB has the power to affirm, modify, or reverse a final determination of the MAC with respect to a cost report.  *See* 42 U.S.C. § 1395oo(d).

72.     The PRRB's authority, however, is not unlimited.  By statute, certain matters, such as declaring a statute or promulgated rule or regulation invalid, arbitrary, and capricious, are outside of the PRRB's purview.  *See* 42 C.F.R. § 405.1867.  Where such matters arise, an aggrieved party may seek relief directly from the United States District Court by making a request to the Board for Expedited Judicial Review ("EJR").  *See* 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1842.

*The Inpatient Prospective Payment System And The Disproportionate Share Adjustment*

73.     In 1983, Congress amended the Medicare Act and established the inpatient prospective payment system ("IPPS") whereby hospitals are reimbursed their inpatient operating costs on the basis of prospectively determined national and regional rates for each patient discharge.

74.     Payments under the prospective payment system are predetermined, fixed amounts based on the particular diagnosis-related group ("DRG") assigned to each patient.  *See* 42 U.S.C. § 1395ww(d).  DRG amounts are set to approximate the average cost of caring for a patient with a given diagnosis in a cost-effective hospital.  Thus, hospitals caring for Medicare patients receive a standard reimbursement amount for each patient, subject to certain geographic and other types of adjustments, regardless of the actual costs of care.  *See id.*

75.     Hospitals that serve a significantly disproportionate number of low-income patients receive an adjustment under 42 U.S.C. § 1395ww(d)(5)(F)(i)(I) called the "DSH adjustment," to compensate them for the generally higher per-patient costs of low-income patients.  *See id.*

4833-0333-1167.2

76.     Until 2014, the DSH adjustment was a retrospective payment based on a hospital's actual data, and generally was calculated under a statutory formula that consisted of adding the hospital's "Medicare Fraction" and its "Medicaid Fraction."   See 42 U.S.C. §§ 1395ww(d)(5)(F)(vi)(I), (II).   This case relates to fiscal years before 2014, so this pre-2014 formulation of the DSH adjustment applies.

77.     The sum of a hospital's Medicare Fraction and Medicaid Fraction is its DSH patient percentage.  A hospital's DSH patient percentage generally must be 15 percent or more to qualify for DSH.  42 U.S.C. § 1395ww(d)(5)(F)(v).

### *The Medicare Fraction*

78.     The Medicare Fraction expresses the percentage of total Medicare inpatient days that were attributable to patients entitled to both Medicare Part A and SSI benefits.

79.     By statute, the numerator of the Medicare Fraction consists of:

> The number of such hospital's patient days for such [cost reporting] period which were made up of patients who (for such days) were entitled to benefits under Part A of this title [i.e., title XVIII – Medicare] and were entitled to supplemental security income benefits (excluding any State supplementation) under title XVI of this Act [i.e., the SSI program] . . . .

42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

80.     The denominator of the Medicare Fraction consists of:

> The number of such hospital's patient days for such [cost reporting] period which were made up of patients who (for such days) were entitled to benefits under Part A of this title [XVIII - Medicare] . . . .

42 .S.C. § 1395ww(d)(5)(F)(vi)(I).

### *The Medicaid Fraction*

81.     The Medicaid Fraction expresses the percentage of total inpatient days attributable to patients eligible for Medicaid but not entitled to Medicare Part A benefits.

82.     A hospital's Medicaid Fraction is expressed as a percentage:

19

The numerator of which is the number of the hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under subchapter XIX [the Medicaid program], but who were not entitled to benefits under Part A of this subchapter, and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

## **RELEVANT HISTORY OF PART C DAYS IN THE DSH CALCULATION**

83.     Part A of the Medicare Statute (referred to in the statutory language regarding the Medicare Fraction and the Medicaid Fraction) provides direct "fee for service" hospital payments.

84.     Part C of the Medicare Statute is an alternative option providing eligible beneficiaries an opportunity to enroll in private health insurance plans.

85.     Prior to 2004, the Secretary treated Part C patients as *not* entitled to benefits under Part A.  The Secretary interpreted the term "entitled to benefits under part A" in the statutory language to mean covered by, or paid by, Part A.  Under this interpretation, Part C days should have been excluded from the Medicare Fraction (because those days were not actually paid for by Part A), and included in the Medicaid Fraction numerator to the extent the patients were eligible for Medicaid for such days.

86.     In 2004, the Secretary promulgated a Final Rule that required Medicare Part C beneficiaries be counted in the Medicare Fraction because "they are still, in some sense, entitled to benefits under Medicare Part A."  69 Fed. Reg. 48,916, 49,099 (Aug. 11, 2004) (the "FY 2005 Final Rule").  As a result, Part C days were required to be included in the Medicare Fraction with respect to discharges occurring on or after October 1, 2004.  This requirement caused drastic financial consequences for hospitals.  In 2012, a court in this District found the FY 2005 Final Rule procedurally and substantively invalid, and vacated it as to its treatment of Part C days.

20

*Allina Health Servs. v. Sebelius*, 904 F. Supp. 2d 75, 90 (D.D.C. 2012).  The D.C. Circuit affirmed the district court's opinion, holding the Secretary did not provide adequate notice and opportunity to comment before promulgating the rule, and the D.C. Circuit upheld the vacatur of the policy.  *Allina Health Services v. Sebelius ("Allina I")*, 746 F.3d 1102 (D.C. Cir. 2014).  The D.C. Circuit's mandate in *Allina I* issued on May 28, 2014, and the time for filing a petition for *certiorari* expired on June 30, 2014.

87.    Because the FY 2005 Final Rule was vacated as to its treatment of Part C days in the DSH calculation, the Secretary should have instructed its MACs to use the pre-October 1, 2004 practice of including Part C days in the Medicaid Fraction numerator (to the extent the beneficiary was eligible for Medicaid for such days), and excluding such days from the Medicare Fraction.  However, the Secretary has not so-instructed its MACs, and has not acquiesced to the decision in *Allina I.*  Thus, in the meantime, the MACs have been required by the Secretary to continue to include Part C days in the Medicare Fraction and exclude such days from the Medicaid Fraction.

88.    Because the Secretary has not acquiesced to the decision in *Allina I*, it is unknown whether the Secretary will recalculate the DSH adjustments for all providers, for only the plaintiffs in *Allina I*, or for no providers.  The legal sufficiency of the Secretary's future action in accordance with *Allina I* is also unknown.

89.    In 2013, the Secretary promulgated a new rule that HHS would treat Part C enrollees as "entitled to benefits under Part A" and that HHS would therefore include Part C days in each hospital's Medicare Fraction.  *See* 78 Fed. Reg. 50,496, 50,614 (Aug. 19, 2013).  The 2013 rule is prospective only: it applies to Medicare Fractions calculated for fiscal year 2014 and beyond.  It does not address the definition of "entitled to benefits under Part A" for any fiscal

years before 2014.  Thus, for discharges occurring prior to October 1, 2013, Part C days should be excluded from the Medicare Fraction and included in the Medicaid Fraction per the same reasoning as the D.C. Circuit's and D.C. District Court's decisions in *Allina I*.  The FY 2005 Final Rule is procedurally and substantively invalid as to Plaintiffs for the same reasons that it was invalid as to the plaintiffs in *Allina I*.

90.     In June 2014, the Secretary published the Medicare Fractions to be used in calculating DSH adjustments for fiscal year 2012.  At the top of the spreadsheet containing those fractions, HHS noted that it had included Part C days in the Medicare Fractions.  Hospitals challenged the spreadsheets in court.  The district court granted summary judgment to the Secretary, but the D.C. Circuit reversed.  The D.C. Circuit explained, "Although HHS promulgated a new rule in 2013 that includes Part C days in Medicare fractions, that rule applies only prospectively to reimbursement adjustments for fiscal years 2014 and beyond.  As a result, the pre-2004 standard of excluding Part C days from the Medicare fractions remains the baseline practice from which this Court must evaluate any decisions for 2012.  The decision to include Part C days in the 2012 Medicare fractions is therefore a change from prior practice."  *Allina Health Servs. v. Price*, 863 F.3d 937, 943 (D.C. Cir. 2017) (*Allina II*).  The D.C. Circuit  held that the Secretary failed to provide for public notice and comment procedure as required by the Medicare Act prior to making  the change.    Thus, the policy in the spreadsheet was set aside, and the previous standard of excluding Part C days from the Medicare Fraction, and counting such days in the Medicaid Fraction numerator to the extent eligible, restored.

91.     The Secretary has not acquiesced to the decision in *Allina II*, either.  The time for filing a petition for *certiorari* in *Allina II* has been extended to April 27, 2018.

92.     The Secretary issued documents conveying his policy of requiring MACs to count Part C days in the Medicare Fraction during the fiscal years at issue in this appeal.  *See, e.g.* Transmittal 1695, CMS Pub. 100-04 Medicare Claims Processing, March 6, 2009, attached hereto as **Exhibit K.**

## PROCEEDINGS BELOW

93.     Each Plaintiff filed timely appeals with the PRRB contending that their Part C days should be removed from the Medicare Fraction and added to the numerator of their Medicaid Fractions (to the extent the beneficiary was eligible for Medicaid for such days).  The Plaintiffs requested the PRRB grant expedited judicial review ("EJR").

94.     In decisions dated between February 2 and March 20, 2018 (and received between February 7 and March 26, 2018), the PRRB assumed jurisdiction of the appeals and granted EJR, holding it was without authority to rule on the legal sufficiency of the Plaintiffs' claims.  True and accurate copies of the PRRB's decisions are attached as **Exhibits A through J** to this Complaint.  The Schedule of Providers appended to each EJR decision and included in the attached exhibits indicate which fiscal years were appealed to the PRRB by each provider.

95.     This Complaint is timely filed within 60 days of receipt of the PRRB decisions granting EJR.  *See* 42 C.F.R. § 405.1801(d), § 405.1877, and § 405.1801(a)(4)(iii).

## COUNT I

## PROCEDURALLY INVALID RULEMAKING

96.     The Plaintiffs hereby incorporate by reference paragraphs 1 – 95.

97.     Under the APA, courts are to hold unlawful and set aside agency action that is accomplished "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).  To meet APA standards of procedural validity, agencies are required to publish notice of proposed

rules and "give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments."  5 U.S.C. § 553(b), (c).

98.     Under the Medicare Act, 42 U.S.C. § 1395 *et seq.*, if the Secretary promulgates a rule or other statement of policy that includes a provision that is not a logical outgrowth of a previously published notice of proposed rulemaking or interim final rule, such provision may not take effect until there is the further opportunity for public comment and a publication of the provision as a final regulation.  42 U.S.C. § 1395hh(a)(4).  The Medicare Act's rulemaking provisions are not coterminous with the APA's procedural requirements.  In relevant part, the Medicare Act requires proper notice and comment for any "rule, requirement, or other statement of policy (other than a national coverage determination) that establishes or changes a substantive legal standard governing the scope of benefits [or] the payment for services."  42 U.S.C. § 1395hh(a)(2).

99.     As detailed above, the D.C. Circuit has twice found the Secretary's policy of counting Part C days in the Medicare Fraction prior to FY 2014 procedurally invalid as promulgated without adequate notice and opportunity to comment.  The first D.C. Circuit decision vacated the policy where it was found in the FY 2005 IPPS Final Rule, and the second decision vacated the policy where it was found on an agency spreadsheet worksheet conveying the Medicare Fractions for FY 2012.  In neither place did the policy undergo adequate notice and comment.

100.    The Secretary has not provided adequate notice and opportunity to comment for imposing his deficient policy for fiscal years prior to FY 2014.  There has not been a proper rulemaking process.  The policy is not the logical outgrowth of any proposed rule.  As such, the policy is procedurally deficient as applied to Plaintiffs and other hospitals and must be set aside.

101.    The Secretary's deficient policy in the FY 2005 Final Rule of counting Part C days in the Medicare Fraction and excluding them from the Medicaid Fraction numerator should be vacated as to the Plaintiffs because it is procedurally invalid for the same reasons described in *Allina I*.

102.    The Secretary's deficient policy as provided in the Medicare Claims Processing Manual and elsewhere of counting Part C days in the Medicare Fraction and excluding them from the Medicaid Fraction numerator for the fiscal years at issue should be vacated as to the Plaintiffs because it is procedurally invalid for the same reasons described in *Allina II*.

103.    The policy in the Medicare Claims Processing Manual and elsewhere of counting Part C days in the Medicare Fraction and excluding them from the Medicaid Fraction numerator for the fiscal years at issue should be vacated as to the Plaintiffs because that policy in the Manual and wherever else it is found is an invalid substantive rule that requires notice and comment.

## COUNT II

### ARBITRARY AND CAPRICIOUS RULEMAKING

104.    The Plaintiffs hereby incorporate by reference paragraphs 1 – 103.

105.    Under the APA, courts are to hold unlawful and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

106.    The Secretary did not provide a reasoned explanation as to why he changed his practice of how he treated Part C days in the DSH calculation, but rather made the change without even acknowledging under which authority he acted. That is arbitrary and capricious rulemaking.

107.    The Secretary's deficient policy in the FY 2005 Final Rule of counting Part C days in the Medicare Fraction and excluding them from the Medicaid Fraction numerator should be vacated as to the Plaintiffs because it is substantively invalid for the same reasons described by the district court in *Allina I*.

108.    The Secretary's policy—in Medicare Claims Processing Manuals and wherever else it is found—of counting Part C days in the Medicare Fraction and not the Medicaid Fraction numerator for the fiscal years at issue here was the product of arbitrary and capricious action and, under the APA, must be set aside.

## COUNT III

### ACTION OTHERWISE NOT IN ACCORDANCE WITH LAW

109.    The Plaintiffs hereby incorporate by reference paragraphs 1 – 108.

110.    Under the APA, 5 U.S.C. § 706(2)(A), this Court is required to hold unlawful and set aside final agency action that is "otherwise not in accordance with law."

111.    The Secretary's policy of counting Part C days in the Medicare Fraction and not the Medicaid Fraction numerator for fiscal years 2005 through 2013 is not only procedurally invalid, and arbitrary and capricious, but also not in accordance with the D.C. Circuit's decisions in *Allina I* and *Allina II*.

### RELIEF REQUESTED

For the reasons stated above, the Plaintiffs request that the Court enter an Order:

a.    Declaring invalid and enjoining the Secretary from applying any policy of counting Part C days in the Medicare Fraction for discharges occurring on or after October 1, 2004 and prior to October 1, 2013;

b.      Requiring the Secretary to count Part C days in the Medicaid Fraction numerator for discharges occurring on or after October 1, 2004 and prior to October 1, 2013  to the extent the beneficiary was eligible for Medicaid for such days;

c.      Requiring the Secretary to recalculate the DSH adjustments of the Plaintiffs for discharges occurring on or after October 1, 2004 and prior to October 1, 2013, and to make prompt payment of any additional amounts due the Plaintiffs;

d.      Awarding the Plaintiffs interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2);

e.      Awarding the costs of suit incurred by the Plaintiffs; and

f.      Providing such other relief as the Court deems proper.

Date:  April 9, 2018                              Respectfully submitted,

                                                 /s/ Lori A. Rubin
                                                 Lori A. Rubin, D.C. Bar No. 1004240
                                                 Foley & Lardner LLP
                                                 3000 K Street, N.W., Suite 600
                                                 Washington, D.C.  20007-5143
                                                 Telephone:  (202) 672-5300
                                                 Fax:  (202) 672-5399
                                                 Email:  larubin@foley.com

                                                 *Attorney for Plaintiffs*

27